## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF KANSAS

| | |
|---|---|
| VIRON d/b/a AMERICAN INN,<br><br>                Plaintiff,<br><br>v.<br><br>SCOTTSDALE INSURANCE COMPANY<br>and BHAKTA GARCIA & ASSOCIATES,<br>LLC,<br><br>                Defendants. | Case No. 21-cv-01283 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Scottsdale Insurance Company ("Scottsdale") removes this action, *Viron d/b/a American Inn v. Scottsdale Insurance Company and Bhakta Garcia & Associates, LLC*, Case No. 2021-CV-000037, from the District Court of Pratt County, Kansas, to the United States District Court for the District of Kansas. This Court has jurisdiction over this lawsuit because: (1) there is complete diversity of citizenship between the parties; (2) the amount in controversy exceeds $75,000, exclusive of interest and costs; and (3) all other removal requirements have been satisfied. In support of its Notice of Removal, Scottsdale states as follows:

### THE REMOVED CASE

1.      On September 23, 2021, Plaintiff Viron d/b/a American Inn ("Viron") sued Scottsdale and Bhakta Garcia & Associates, LLC ("BGA") in the District Court of Pratt County, Kansas, Case No. 21CT-CC00227, styled as *Viron d/b/a American Inn v. Scottsdale Insurance Company and Bhakta Garcia & Associates, LLC.* A true and correct copy of Viron's Petition (the "Complaint") is attached as **Exhibit 1**.

2.      This action involves allegations that a wind and hail storm caused damages to Viron's commercial building in Pratt, Kansas (the "Property") on September 24, 2019.

3.      Viron alleges that prior to the storm, Scottsdale issued an insurance policy to Viron, which provided coverage for the Property (the "Policy").  (Ex. 1, ¶¶ 10-11).  At the time Viron procured the Policy through BGA, Viron allegedly provided its financial information to BGA "so that its [policy] premiums could be timely paid."  (*Id.* ¶11).  Viron alleges its "account was debited monthly" by BGA, but for reasons unknown, "these payments were not subsequently provided to Defendant Scottsdale."  (*Id.*).

4.      Following the storm, Viron alleges it "contacted [BGA] to report damages to the Property," but BGA "failed to promptly act, and only reported the claim after repeated requests by [Viron.]"  (*Id.* ¶ 13).  After the claim was reported, Scottsdale began its claim investigation and assigned claims adjusters "to evaluate the damage to the Property."  (*Id.* ¶ 14).  Viron alleges after Scottsdale completed its inspections of the Property, Scottsdale informed Viron that "it had documented hail damage to the Property," but that "the Policy [had] been cancelled for non-payment" and consequently, Scottsdale "would not be providing any insurance coverage" for the loss.  (*Id.* ¶ 15).  Viron claims "[it] was at this point that Viron first learned of [BGA's] failure to maintain insurance on behalf of [Viron]."  (*Id.*).

5.      Subsequently, Viron received an estimate in the sum of $250,910.23 to repair the alleged damages to the Property, which included "a full removal and replacement of the roofing systems" and "replacement of the buildings' [sic] gutters and downspouts."  (*Id.* ¶ 16).  Due to the alleged conduct of Bhakta and Scottsdale, Viron claims it "has been unable to complete the repairs, resulting in further damage to the Property and a depreciation in its value."  (*Id.* ¶ 19).

4890-8688-7684

6.      In the instant action, Viron asserts separate claims against Scottsdale for breach of contract, "Violations of the Kansas Insurance Code" and breach of the implied duty of good faith and fair dealing.   (*Id.* ¶¶ 21-34).   As to BGA, Viron alleges causes of action for breach of contract, negligence, misrepresentation and breach of fiduciary duty.   (*Id.* ¶¶ 35-56).   In the Complaint, Viron seeks actual damages "in excess of $75,000", attorney's fees and reformation of the Policy.

## GROUNDS FOR REMOVAL

7.      Pursuant to 28 U.S.C. § 1441, Scottsdale removes this action to the District Court of the United States for the district and division embracing the place where the action is pending. This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.   Further, as discussed below, removal is timely.

**I.     Complete diversity of citizenship exists between the parties.**

8.      For diversity jurisdiction purposes, a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]"  28 U.S.C. § 1332(c)(1).  A limited liability company "takes the citizenship of all its members."  *Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015); *see also Ambac Assurance Corp. v. Fort Leavenworth Frontier Heritage Communities, II, LLC*, 315 F.R.D. 601, 611 (D. Kan. 2016).  A person is a citizen of a state if the person is domiciled in that state, *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014), and "the place of residence is *prima facie* the domicile."  *State Farm Mut. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (emphasis in original).

9.    Viron alleges it is a resident and citizen of Kansas.  (Ex. 1, ¶ 1).  Thus, upon information and belief, Viron is a citizen of Kansas for purposes of diversity jurisdiction.

10.    Scottsdale is a corporation organized under the laws of the State of Ohio with its principal place of business in Scottsdale, Arizona.  (*Id.* ¶ 2).  Accordingly, Scottsdale is a citizen of Ohio and Arizona for purposes of diversity jurisdiction.

11.    Although the Complaint alleges BGA is a "resident" of Kansas (*Id.* ¶ 3), it does not allege BGA is a citizen of Kansas.  The Complaint also fails to allege any member of BGA or their citizenship.  According to publicly available information, BGA is a Missouri limited liability company.  *See* BGA Articles of Organization, attached as **Exhibit 2**.

12.    Consequently, counsel for Scottsdale sent a letter to Viron's counsel, requesting the identification of each member of BGA and their citizenship.  *See* Letter from Thomas to Molner, et al. dated 11/19/21, attached as **Exhibit 3**.  In response, Viron's counsel sent an e-mail to counsel for Scottsdale, merely indicating Amit Bhakta is a "principal" of BGA according to the company's website.  *See* Email from Fadner to Thomas, dated 11/19/21, attached as **Exhibit 4**.  Subsequently, Scottsdale's counsel requested a meet-and-confer with Viron's counsel in an effort to identify the LLC members and their citizenship.  *See* Email from Thomas to Fadner, dated 11/22/21, attached as **Exhibit 5**.  Viron's counsel, however, did not respond to that request.

13.    Despite an exhaustive search of publicly available records—including the BGA company website, Missouri Secretary of State database, Accurint, D&B Hoovers, federal and state court online databases, among other sources—Scottsdale has been unable to identify each member of BGA and their citizenship.

14.    Accordingly, Scottsdale, upon information and belief, alleges that no member of BGA is a citizen of Kansas.

4890-8688-7684

15.     Therefore, because both Scottsdale and BGA are citizens of a state other than Kansas, complete diversity of citizenship exists.

## II.     The amount in controversy requirement is satisfied.

16.     A plaintiff's assertion of damages in the complaint is deemed to be the amount in controversy, if that amount is asserted in good faith.  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).  "[A] defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Id.* at 553.  "Attorney's fees are included if they are allowable as part of recovery."  *Lininger v. State Farm Fire & Cas. Co.*, 958 F. Supp. 519, 520 (D. Kan. 1997).

17.     In the Complaint, Viron specifically seeks "actual damages in excess of $75,000" and "a reasonable attorney's fee."  (Ex. 1, at 10).  Accordingly, the amount in controversy exceeds $75,000, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(a).

## III.    Removal is timely.

18.     Scottsdale was served with the summons and a copy of the Complaint on November 1, 2021.  A true and correct copy of CSC Service for Scottsdale Insurance Company is attached as **Exhibit 6**.

19.     This Notice of Removal is timely because it is filed within thirty days after Scottsdale first received a copy of the Complaint and because it is filed less than one year after this action commenced.  *See* 28 U.S.C. § 1446(b)(1) and (c).

## IV.    The forum-defendant rule is inapplicable.

20.     28 U.S.C. § 1441(b)(2) states that "A civil action otherwise removable solely on the basis of the jurisdiction . . . may not be removed if any of the parties in interest ***properly***

*joined and served as defendants* is a citizen of the State in which such action is brought."
(Emphasis added). This is commonly referred to as the forum-defendant rule.

21.    Even if BGA were considered a citizen of Kansas for diversity purposes, the
forum-defendant rule would still not bar removal because BGA has not been properly served.
*See Texas Brine Co., LLC v. Am. Arbitration Ass'n, Inc.*, 955 F.3d 482, 485-87 (5th Cir. 2020)
(explaining section 1441(b)(2) unambiguously precludes removal only when a forum defendant
has been served, and allowing removal otherwise does not yield absurd results that hinder the
statute's apparent purpose); *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699,705-06 (2d Cir.
2019) (concluding "Section 1441(b)(2) is inapplicable until a home-state defendant has been
served in accordance with state law" and such a reading is not absurd "merely because it
produces results that a court or litigant finds anomalous or perhaps unwise") (quotation marks
omitted)); *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 152-54 (3d Cir. 2018)
(similar). Accordingly, the forum-defendant rule does not apply because BGA has not been
"properly joined and served."

**V.    Scottsdale was not required to obtain the consent of BGA prior to removal**

22.    Generally, "all defendants who have been properly joined and served must join in
or consent to the removal of the action," within the thirty-day period defined in Section
1446(b)(1). *Henderson v. Holmes*, 920 F. Supp. 1184, 1187 (D. Kan. 1996) (quoting 28 U.SC.
28 U.S.C. § 1446(b)(2)(A)). This is known as the unanimity requirement. Exceptions to the
unanimity rule exist where "nominal, unknown, *unserved* or fraudulently joined defendants" do
not join or consent to removal. *McShares, Inc. v. Barry*, 979 F. Supp. 1338, 1342 (D. Kan. 1997)
(emphasis added). Accordingly, the consent of BGA is not required.

**VENUE IS PROPER**

23.     Pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), this Court is the appropriate place to file this Notice of Removal because this Court is the United States District Court for the district in which the state court action is pending.

**ALL OTHER REMOVAL REQUIREMENTS ARE SATISFIED**

24.     Pursuant to 28 U.S.C. § 1446(d), Scottsdale will promptly file a Notice of Filing Notice of Removal, attaching thereto a copy of this Notice of Removal and the documents attached to this Notice of Removal, with the clerk of the court for the District Court of Pratt County, Kansas, where the state court action was pending, and will serve a copy of the same upon counsel for Plaintiff.

25.     Pursuant to D. Kan. Rule 81.2, Scottsdale will file with the clerk of this Court a copy of all records and proceedings had in the state court within 21 days after filing this Notice of Removal.

26.     By filing this Notice of Removal, Scottsdale does not waive any jurisdictional or other defenses that might be available to it.  In addition, Scottsdale expressly reserves the right to move for dismissal of some or all of Plaintiffs' claims, and reserves the right to amend or supplement this Notice of Removal.

27.     If any question arises as to the propriety of this removal, Scottsdale respectfully requests an opportunity to present a brief and argument as to why removal is proper.

WHEREFORE, Scottsdale hereby removes this action from the District Court of Pratt County, Kansas to the United States District Court for the District of Kansas, pursuant to 28 U.S.C. §§ 1441, 1446, and 1332.

4890-8688-7684

Respectfully submitted,

*/s/ Bradley S. Thomas*
Douglas D. Beck (USDC KS #70743)
Bradley S. Thomas (USDC KS #27456)
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, MO 64108
Telephone: (816) 474-6550
Facsimile: (816) 421-5547
dbeck@shb.com
bsthomas@shb.com

ATTORNEYS FOR DEFENDANT
SCOTTSDALE INSURANCE
COMPANY

4890-8688-7684

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that the foregoing document was filed on December 1, 2021, using the Court's CM/ECF filing system, thereby sending notice of the filing to all counsel of record for this matter, including:

Mark D. Molner (KS #24493)
MOLNER LAW GROUP, LLC
300 E. 39th St., Ste. 1G
Kansas City, MO 64111
Telephone: (816) 281-8549
Facsimile: (816) 817-1473
mark@molnerlaw.com

ATTORNEYS FOR PLAINTIFF VIRON
D/B/A AMERICAN INN

*/s/ Bradley S. Thomas*

4890-8688-7684