UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

VIRON d/b/a AMERICAN INN,            )
                                     )
                    Plaintiff,       )
                                     )
v.                                   )     Case No. 21-cv-1283-EFM-TJJ
                                     )
SCOTTSDALE INSURANCE COMPANY         )
and BHAKTA, GARCIA & ASSOCIATES,     )
LLC,                                 )
                                     )
                    Defendants.      )

## NOTICE AND ORDER TO SHOW CAUSE

TO THE PLAINTIFF:

Plaintiff filed its Petition asserting claims against Defendants Scottsdale Insurance Company ("Scottsdale") and Bhakta, Garcia & Associates, LLC on September 23, 2021, in the District Court of Pratt County, Kansas. After being served, Defendant Scottsdale removed the case to this Court on December 1, 2021.[1]

On August 17, 2022, Plaintiff was granted an extension of time, until October 6, 2022, to serve Defendant Bhakta, Garcia & Associates, LLC pursuant to Fed. R. Civ. P. 4(m). On August 25, 2022, Plaintiff filed notice of proof of service (ECF No. 29) indicating that service was accomplished on Amit Bhakta, President, who is designated by law to accept service of process on behalf of Bhakta, Garcia & Associates, LLC, on August 16, 2022. As of the date of this Notice and Order, Defendant Bhakta, Garcia & Associates, LLC has not answered or otherwise responded to the Petition.

---

[1] Defendant Scottsdale's motion for summary judgment was granted, and it was terminated from this case on October 19, 2022 (ECF No. 35).

On October 21, 2022, Plaintiff filed a Motion for Default Judgment (ECF No. 38) as to Defendant Bhakta, Garcia & Associates, LLC. That motion was denied without prejudice to refiling for failure to first obtain a clerk's entry of default under Fed. R. Civ. P. 55(b)(1). The Court's Order (ECF No. 39) set out the following instructions:

> Obtaining a default judgment under Rule 55 of the Federal Rules of Civil Procedure is a two-step process (Williams v Smithson, 57 F.3d 1081 [10th Cir. 1995]). First, the party seeking default must apply to the Clerk for an Entry of Default under Rule 55(a), which requires the movant to prove, by affidavit or otherwise, that the opposing party has failed to plead or otherwise defend against judgment for affirmative relief. This is accomplished by filing an Application for Clerk's Entry of Default, attaching proof of failure to plead, and submitting the proposed Clerk's Entry of Default to chambers email account. After the Clerk enters default, the plaintiff may move for an Entry of Default Judgment under Rule 55(b) by applying to the Court.

Based upon a review of the docket to date, it appears that Plaintiff has taken no further action in the case since the Court's October 24, 2022 Order.

Plaintiff is hereby required, on or before **February 6, 2023**, to either (1) move for entry of default and after entry of default by the Clerk of Court, refile its motion for default judgment as to Defendant Bhakta, Garcia & Associates, LLC, pursuant to Fed. R. Civ. P. 55 and D. Kan. Rule 77.2(a)(6); or (2) show good cause in writing to the Honorable Chief District Judge Eric F. Melgren, why this case should not be dismissed pursuant to Fed. R. Civ. P. 41(b), as to Defendant Bhakta, Garcia & Associates, LLC, for lack of prosecution.

IT IS SO ORDERED.

Dated in Kansas City, Kansas this 26th day of January, 2023.

_____
Teresa J. James
U. S. Magistrate Judge